UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 09-21753-CIV-MCALILEY
(CONSENT CASE)

FELIX OBREGON, *et al*., and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiffs,

v.

JEP FAMILY ENTERPRISES, INC.,
a/k/a EASTERN DRYWALL CORP.,
EASTERN PLASTERING CORP.,
JUAN E. PLANAS and LUIS I. PLANAS,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION
AND GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM
<u>SUMMARY JUDGMENT</u>**

This cause is before the Court on Plaintiffs' Motion for Reconsideration Regarding Order Denying Motion for Relief from Summary Judgment [DE 55]. The Court has reviewed the parties' written submissions, the record, and applicable law. For the reasons set forth below, both Plaintiffs' motion for reconsideration and motion for relief from summary judgment are granted.

**I.  BACKGROUND**

This case arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216. In Count I, Plaintiffs, Felix Obregon ("Obregon"), Yerid Lariosa ("Lariosa"), and

Emilio Vasquez ("Vazquez"), claim they worked in excess of 40 hours per week, but were not paid overtime wages, in violation of the FLSA. [DE 2-1, pp. 2-4]. In Count II, Plaintiff Vasquez claims that he was terminated in retaliation for filing an overtime wage Complaint against Defendants. [*Id*. at pp. 4-5].

Defendants moved for summary judgment, which the Honorable Adalberto Jordan granted in part and denied in part. [*See* DE 31]. Judge Jordan granted summary judgment for Defendants as to Count I, finding that Plaintiffs failed to establish that the company had engaged in the "actual movement of persons or things in interstate commerce" and Plaintiff thus failed to establish the interstate commerce requirement for enterprise coverage under the FLSA. [*Id*. at 4]. Judge Jordan found that the corporate defendants purchased materials that were manufactured out-of-state, from local stores, and used those materials in local projects. Judge Jordan declined to follow a line of cases in which courts found enterprise coverage under these circumstances, and instead, followed an opposing line of cases in which courts found that where companies purchased materials locally, for local use only, enterprise coverage did not exist. [*Id*. at 3-4]. As for the retaliation claim, Judge Jordan denied Defendants' motion for summary judgment, because a retaliation claim does not require proof of individual or enterprise coverage under the FLSA. [*Id*. at 4-5].

Following entry of the order granting summary judgment, Vasquez moved to stay the case pending the outcome of several FLSA cases, then before the Eleventh Circuit

Court of Appeals, that concerned the enterprise coverage. [DE 35]. Judge Jordan denied that motion without prejudice. [DE 38].

The parties then filed a consent to my serving as the presiding judge and the case was transferred to me. [DE 43, 44]. The parties notified me that they agreed that the case should be stayed pending the outcome of the appeals before the Eleventh Circuit [DE 46], and I ordered the case stayed. [DE 47]. While the case was stayed, the Eleventh Circuit addressed the "handling clause" of the enterprise coverage provision of the FLSA, 29 U.S.C. § 203(s)(1)(A)(I), and concluded that enterprise coverage is established as long as a company's employees handle, sell, or work with goods or materials that at some point have been moved in, or produced, for commerce. *Polycarpe et al. v E&S Landscaping Service, Inc.*, 616 F. 3d 1217, 1221 (11th Cir. 2010). The Eleventh Circuit thus rejected the cases Judge Jordan had relied upon in granting summary judgment for Defendants, on Count I.

On September 6, 2010, Plaintiffs moved the court to lift the stay; I did so, and returned the case to active status. [DE 48, 49]. On October 20, 2010, Plaintiffs filed a motion for relief from summary judgment on Count I, relying on the Eleventh Circuit's enterprise coverage ruling in the *Polycarpe* case. [DE 51]. On December 28, 2010, I denied Plaintiffs' motion for relief on the narrow ground that Plaintiff had not appealed Judge Jordan's grant of summary judgment on Count I, but instead, stayed the case to wait for the Eleventh Circuit ruling concerning enterprise coverage. [DE 54]. My decision

relied on case law standing for the proposition that "[a]n unsuccessful litigant may not rely on appeals by others and share in the fruits of victory by way of a Rule 60(b) motion." *Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982). [DE 54, p. 4].

Plaintiffs now ask that I reconsider my order denying relief from summary judgment, and that I vacate Judge Jordan's summary judgment ruling on Count I.

## II. LEGAL STANDARD

It is within the court's discretion to grant a motion for reconsideration. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). The policy favoring the hearing of a litigant's claim must be balanced against the desire to achieve finality in litigation. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). A motion to reconsider, therefore, should not be used to present new arguments to the court, *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997), or to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). Courts have relied on three primary principles to justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Hong Huang v. Napolitano*, 2011 U.S. Dist. LEXIS 83399 (S.D. Fla. July 29, 2011).

## III. ANALYSIS

### A. Reconsideration

Plaintiffs move for reconsideration on two grounds: (1) that there was an

intervening change in controlling law, and (2) that my failure to reconsider my earlier order would result in manifest injustice. [DE 55, p. 2].

Plaintiffs assert that since I entered my order denying Plaintiffs relief from summary judgment (on December 28, 2010), there has been a change in controlling law, and therefore, this court should reconsider its earlier ruling. [DE 55, p. 2]. In fact, Plaintiffs have not identified a change in controlling law since my December order. In that order, I relied on Eleventh Circuit precedent that a party may not sit idly by and reap the benefits of another party's appeal on the same topic (*see Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir. 1982) and DE 54, p. 4), and that law still abides in this Circuit. The only change in the law relevant to this matter, is that announced by the Circuit Court in *Polycarpe*; however, that was not the subject of my December, 2010 order, and, in any event, that decision was entered *before* my December order, not after.

Next, Plaintiffs argue that failure to reconsider my order denying relief from summary judgment would result in "manifest injustice." [DE 55, p. 2; DE 59]. In August, 2010, while this case was stayed, the Eleventh Circuit overruled the line of cases relied on by Judge Jordan in granting the Defendants summary judgment on Count I. Accordingly, Judge Jordan's grant of summary judgment is based on precedent that has since been repudiated by the Eleventh Circuit. Plaintiffs argue that, in light of this change in the law, it would be manifestly unjust to bar them from going forward on Count I.

When Plaintiffs initially moved for relief from summary judgment, I denied the

motion because Plaintiffs had not appealed Judge Jordan's order granting summary judgment on Count I. Plaintiffs now raise an argument that they had not raised before – that they had no right to appeal the order granting summary judgment on Count I, because that ruling did not terminate the action. Indeed, Rule 54(b) provides that when the trial court enters an order that adjudicates fewer than all claims in a case (such as Judge Jordan's order granting partial summary judgment), it does not end the action. Only if he had "expressly determine[d] that there [was] no just reason for delay" could Judge Jordan have entered final judgment on his summary judgment order, and he did not take this action. F.R.Civ.P. 54(b). Courts of Appeals have jurisdiction of appeals from all "final decisions" of the district courts, and the order on summary judgment in this case was not a final decision. 28 U.S.C. § 1291. *See also Aaro, Inc., v. Daewoo Int'l (America) Corp.,* 755 F. 2d 1398 (11th Cir. 1985) (plaintiffs barred from appealing order granting partial summary judgment because court did not, pursuant to Rule 54(b), enter final judgment on express finding that there was no just reason for delay). Thus, I believe Plaintiffs are correct that they could not have appealed the order granting partial summary judgment, and therefore, the basis of my December 28, 2010 order was erroneous. [*See* DE 31].[1]

Plaintiffs should have raised this argument in their initial motion for relief from

---

[1] Defendants argue that the fault lies with Plaintiffs for not having moved the Court, under Rule 54(b), for entry of final judgment on Count I, so that Plaintiffs could have immediately appealed that order. [DE 58]. Defendants provide no authority for the notion that Plaintiffs had an obligation to seek an immediate appeal, and I am aware of none, and I therefore reject this argument.

judgment, as it makes the holding in *Parks* inapplicable here. For reasons more fully expressed below, I believe that if this Court were to ignore this late-filed argument, it would lead to a manifest injustice. Accordingly, I grant Plaintiffs' motion for reconsideration, and turn to the merits of Plaintiffs' motion for relief from the order of summary judgment.

### B. Relief from Summary Judgment

Defendants argue that I do not have the authority to vacate Judge Jordan's order granting summary judgment for two reasons: (1) the parties did not expressly consent to my jurisdiction over Count I of the Complaint; and (2) as a magistrate judge, I do not have the authority to overturn the ruling of a district court judge. [DE 58, pp. 2-3].

#### 1. Magistrate authority in a consent case

Under the Federal Rules of Civil Procedure, when parties agree to a magistrate judge presiding over their case they must execute and file a statement consenting to such an election, and that consent must be express and on the record. *See* Fed. R. Civ. P. 73(b)(1); 28 U.S.C. § 636(c); *Rembert v. Apfel*, 213 F.3d 1331, 1334 (11th Cir. 2000). In support of their argument, Defendants rely on several cases that found that magistrate judges ruled on cases without acquiring proper consent of the parties.[2] [DE 52, pp. 3-4].

---

[2] *See e.g., Fowler v. Jones*, 899 F. 2d 1088 (11th Cir. 1990) (Eleventh Circuit ruled that a magistrate judge had no authority to replace a district court judge at trial, without the parties' express consent, when the district court judge lost his voice); *Rembert v. Apfel*, 213 F. 3d 1331 (11th Cir. 2000) (court clerk assigned case to a magistrate judge for trial without the parties' express consent); and *Parks v. Collins*, 761 F.2d 1101 (5th Cir. 1985)(parties consented to magistrate judge conducting

I find these cases to be factually distinguishable from this case because each case cited by Defendants involves a magistrate judge presiding absent express consent by the parties.

In this case, the parties expressly and voluntarily agreed to have a magistrate judge "conduct *any* and *all* further proceedings in the *case*, including trial, and entry of final judgment" (italics supplied) [DE 43], and Judge Jordan transferred the case to me pursuant to § 636(c). [DE 44]. That section vests a magistrate judge with authority to conduct a full civil trial and enter judgment, with appeal directly to an appellate court, and "the magistrate judge steps fully into the district court's shoes." *United States v. Underwood*, 597 F. 3d 661, 669 (5th Cir. 2010). Having "step[ped] fully into the district court's shoes," I have the same authority that Judge Jordan would have had to vacate and overturn the order on summary judgment. Thus, I turn to the merits of Plaintiffs' argument that I vacate that judgment.

### 2.     Standard to vacate summary judgment

Plaintiffs seek relief from summary judgment entered on Count I, arguing that it would be manifestly unjust to bar them from bringing that claim to trial, given the Eleventh Circuit's decision clarifying that this record supports a finding of enterprise coverage. [DE 55, 59]. Rule 60(b) vests district courts with the power "to vacate judgments whenever such action is appropriate to accomplish justice." *Griffen v. Swim-*

---

trial but consent did not extend to a post-trial wage garnishment proceeding that involved third parties).

*Tech Corp.*, 722 F. 2d 677, 680 (11th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 615(1949)).

To uphold a ruling based on obsolete law, that precludes one of Plaintiffs' claims would, in my view, result in a manifest injustice. Moreover, by vacating that ruling now, I may spare the parties and the courts future litigation. Were I to deny Plaintiffs' requested relief, the parties would go to trial on Count II, and following that trial Plaintiffs could then appeal the order granting summary judgment, likely prevailing on that appeal, given the decision in *Polycarpe*. The case would then be remanded to this court to for trial on Count I. This would be an unnecessarily disjointed, inefficient, and expensive process for everyone involved. On this record, I find that justice is served by vacating the order granting summary judgment on Count I. Therefore, I grant Plaintiffs' motion for relief from summary judgment.

## IV. CONCLUSION

In light of the foregoing, it is ORDERED as follows:

1. Plaintiff's Motion for Reconsideration is [DE 55] GRANTED.

2. Plaintiff's Motion for Relief from Summary Judgement [DE 51] is GRANTED. The Order granting summary judgment on Count I, in favor of Defendants, [DE 31] is hereby VACATED.

3. The case will go to trial on Count I and Count II.

4. This Court will hold a telephonic status conference on **Thursday,**

**September 8, 2011, at 10:00 a.m.** Before that status conference the parties shall meet and confer, so that they are prepared at the status conference to propose deadlines for mediation and trial, and to identify any pre-trial matters that the Court needs to address. The parties are to establish a conference call, and together, call in to the courtroom at (305) 808-6463.

DONE and ORDERED in chambers in Miami, Florida this 25th day of August, 2011.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
All Counsel of Record